The opinion of the Court was delivered by
Gantt, J.
In this case, the only point for the consideration, of the Court is, whether the defendant could legally have gone into proof of the custom and usage contended for. By the Act of December, 1712, I Brevard’s Dig. 136, P. L. 99,[1] making the common law of England of force here, exception is made to so much thereof as is “ inconsistent with the particular constitutions, customs and laws of the province.” Here is seen a plain recognition of existing customs, at that period ; and in relation to which the common law is made to give place. The customs alluded to, are not specifically defined, and local usages may be embraced within the generality of the expression used in the Act. The object of the defendant, in this action, was to introduce evidence of a particular custom ; and authority is not wanting to show, that it is the province of the jury to decide thereon. See Doctor and Student, c. 7, 10. 1 Inst. 110. How far the defendant might or might not have been able to es *375 tablish, by proof, such a custom, it is impossible to say, as the evidence was rejected. Now, although, at the first blush, the custom alleged may appear unreasonable, and such as ought not to prevail, this is by no means conclusive, that the usage was not a good one in law. In such cases, recourse is had to artificial and legal reason ; and thus considered such usage may be shown to be beneficial to the boat owners themselves, and dictated by the soundest policy of expediency. It is possible the the defendant may find it a difficult undertaking to defeat the claim of the plaintiff, by any proofs which he shall be able to produce, in confirmation of the custom relied on; but no judgment can or ought to be formd till the proofs are brought forward. I am not prepared to say, that, in undertakings of this kind, the general law may not become altered by the understanding* of the'contracting parties, although such understanding places them upon a different footing from that which L exists at the common law.
It is competent, for a man, or a body of men, to renounce a common law right, if they think proper; and if, in relation to the river trade, either from views of interest, on the part of the boat owners, or other politic considerations, expediency has pointed out the propriety, and usage has sanctioned it, then it might become the law by which the contract should be expounded; nor can I see how it would, in any manner, infringe upon the principles of the common law. It cannot be denied, but that by an express agreement, the consignor maybe absolved from all responsibility ; and established usage and custom, bottomed upon expediency, and the convenience and interest of the parties, may have the same effect.
I am of opinion, that the defendant should have been permitted to have gone into evidence of the custom, that it was the province of the jury to decide thereon ; and that a new trial should be granted.
Colcock and Nott, JJ., concurred.

 2 Stat. 413, § 5.